Gants, C.J.
(concurring, with whom Lenk, J., joins). I agree entirely with the court that, under G. L. c. 90, § 24 (2) (a), regardless of whether the accident occurred on a public way or on private property, it is a crime for the driver of a motor vehicle, “after knowingly colliding with or otherwise causing injury to any other vehicle or property,” to leave the scene of the accident without “stopping and making known his name, residence, and the register number of his motor vehicle.” I write separately only to invite the Legislature to consider whether it should revise G. L. c. 90, § 24 (2) (a ½) (1) and (2), to eliminate the public way element in those provisions and harmonize them with § 24 (2) (a).
As the law stands now, if the operator of a motor vehicle drives onto someone’s front yard and collides with a fence, the operator violates § 24 (2) (a) if he or she fails to stop and identify himself or herself. But if the same operator drives onto someone’s front yard and strikes a person, injuring or killing that person, the operator does not violate § 24 (2) (a ½) (1) or (2) if he or she leaves the scene without stopping to identify himself or herself, because each of these provisions includes the required element that the operation of the motor vehicle occur “upon any way or in any place to which the public has a right of access.” I can discern no rational basis for requiring that public way element where death or injury results from the accident, but not requiring it where only property damage results from the accident. Nor can I discern any reason why the law would allow a driver who has injured or killed a person with his or her motor vehicle on private property to leave the scene of an accident without identifying himself or herself. The need for identification is the same regardless of whether the accident occurs on a public way or on private property.